UNITED STATES DISTRICT COURT
NODRTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,     :    CASE NO. 1:07-CR-68-1
                                            :
        Plaintiff,                     :
                                            :
vs.                                        :    OPINION & ORDER
                                            :    [Resolving Doc. No. 124]
CARL HENDERSON,                :
                                            :
        Defendant.                   :
                                            :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      With this Opinion and Order, the Court decides whether to grant Defendant Carl Henderson's ("Henderson") motion to reconsider the suppression of ceratin evidence obtained by the police as it relates to Henderson in this drug conspiracy and possession case. [Doc. 124.] Specifically, Henderson requests that the Court reconsider suppressing all statements made by him during his interview with Special Agent Lee Lucas, as well as evidence gathered following the investigatory stop of Henderson's co-defendants Gerald Taylor and Maurion Lewis. *Id.*

      A motion for reconsideration is considered a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979). Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already

Case No. 1:07-CR-68
Gwin, J.

considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted).

With his instant motion, Henderson does not demonstrate adequate reason for the Court to reconsider its previous Opinions and Orders regarding any of the co-defendants' motions to suppress. Henderson does not show that the Court committed clear error of law with its April 13, 2007 rulings on the co-defendants' separate suppression motions. Henderson does not proffer newly discovered evidence to support his motion to reconsider. Henderson does not point to an intervening change in controlling law as the basis of reconsideration. Finally, Henderson does not argue that the Court must grant his instant motion to prevent manifest injustice.

Instead, Henderson's motion reiterates the same arguments and claims made by defense counsel in the pleadings and at the suppression hearing. Thus, the Court has previously heard the contentions raised by Henderson and ruled on their merits. *See* Docs. 111, 112, 113. Because Henderson does not support his motion for reconsideration with new facts, sufficient reason, or in the manner required by Rule 59(e). As a result, Court cannot – and will not – grant this "extraordinary" motion.

For these reasons, the Court **DENIES** Henderson's motion to reconsider.

IT IS SO ORDERED.

Dated: April 25, 2007  s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE