```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
UNITED STATES OF AMERICA,               :    CASE NO. 1:07-CR-068
                                        :             1:14-CV-400
                                        :
        Plaintiff-Respondent,           :
                                        :
vs.                                     :    ORDER & OPINION
                                        :    [Resolving Doc. No. 489, 492, 495, & 499]
CARL HENDERSON,                         :
                                        :
        Defendant-Petitioner.           :
                                        :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Carl Henderson moves this Court under 28 U.S.C. § 2255 to vacate, set aside, or correct the superseding indictment and subsequent verdict and judgment.[1] With his petition, Defendant Henderson requests relief from his conviction for conspiracy to possess a controlled substance with intent to distribute.[2] The government opposes Defendant Henderson's motion.[3]

Defendant Henderson further moves to file an amended section 2255 motion based on trial counsel's failure to inform him of a plea offer.[4]

For the reasons presented below, the Court **DENIES** Defendant Henderson's motions.

### I. Factual and Procedural Background

On February 7, 2007, a grand jury indicted Defendant Henderson, along with co-defendants Gerald Taylor, Maurion Lewis, and Tekora Madden, for conspiracy to distribute phencyclidine

---

[1] Doc. 489.
[2] *Id.*
[3] Doc. 492.
[4] Doc. 495.

-1-

Case No. 1:07-cr-068
Gwin, J.

("PCP") and possession of PCP with intent to distribute.[5/]

On February 28, 2007, the grand jury filed a superseding indictment.[5/] Count 1 of the superceding indictment charged all four co-defendants with conspiracy to possess with intent to distribute and conspiracy to distribute a mixture or substance containing a detectable amount of PCP, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.[6/] Count 2 charged all four defendants with possession with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of PCP, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).[7/] Count 3 charged Defendants Henderson and Madden with possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of PCP, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.[8/] The grand jury also charged Henderson in Counts 4 and 5 with being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a).[9/]

All four co-defendants filed motions to suppress various evidence.[10/] On March 16 and 19, 2007, the Court held a suppression hearing.[11/] On April 13, 2007, the Court granted in part and denied in part Henderson's motion to suppress.[12/] Following the Court's decision, the government dropped its charges against Defendant Madden, and dropped Count 3 and Count 4 against

---

[5/]Doc. 15.
[5/]Doc. 59.
[6/]*Id.* at 1-2.
[7/]*Id.* at 3-4.
[8/]*Id.* at 4.
[9/]*Id.* at 4-5.
[10/]Doc. 46.
[11/]Doc. 81; Doc. 86.
[12/]Doc. 113.

Case No. 1:07-cr-068
Gwin, J.

Henderson.[13]

On April 25, 2007, the Court granted the government's motion to sever Henderson's trial from co-defendants Lewis and Taylor.[14] Henderson's trial began on May 2, 2007.[15] On May 3, 2007, the jury returned a verdict of guilty on Counts 1 and 5, and not guilty on Count 2.[16] On June 16, 2007, the Court sentenced Henderson to 270 months in prison on Count 1 and 120 months in prison on Count 5, to run concurrently.[17]

Henderson timely appealed.[18] On June 21, 2012, the Sixth Circuit affirmed the ruling of the Court.[19] The United States Supreme Court denied certiorari on February 25, 2013.[20]

On February 21, 2014, Henderson filed his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the superseding indictment and subsequent verdict and judgment.[21] The government opposed.[22]

On May 30, 2014, Henderson filed a motion for leave to file an amended section 2255 motion based on trial counsel's failure to inform him of a plea offer.[23] The government opposed.[24]

Both motions are now ripe.

---

[13] Doc. 186.
[14] Doc. 140.
[15] Doc. 154.
[16] Doc. 158.
[17] Doc. 184.
[18] Doc. 420.
[19] Doc. 454.
[20] Doc. 465.
[21] Doc. 489.
[22] Doc. 492.
[23] Doc. 495.
[24] Doc. 499.

Case No. 1:07-cr-068
Gwin, J.

## II.  Motion to Amend

Petitioner Henderson seeks leave to file an amended section 2255 petition based on trial counsel's failure to inform him of an plea offer.[25］  In response the government says Petitioner's motion is untimely.[26］

The Court finds Henderson's motion untimely.  Under the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], section 2255 has a one-year limitations period to file a motion for relief.  The limitations period begins to run from

> (1)[t]he date on which the judgment of conviction became final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[27］

Henderson's conviction became final on February 25, 2013, when the Supreme Court denied his petition for certiorari.[28］  Thus, Petitioner Henderson had until February 25, 2014 to bring his claim for ineffective assistance of counsel based on his counsel's failure to inform him of a plea offer.  He failed to do so, and he is barred by the one-year statute of limitations.

Moreover, Petitioner Henderson cannot argue that his claim relates back to his original section

---

[25］Doc. 495.
[26］Doc. 499.
[27］28 U.S.C. § 2255(f).
[28］Doc. 465.

-4-

Case No. 1:07-cr-068
Gwin, J.

2255 motion he filed on February 21, 2014.[29] Rule 15(c) governs the timeliness of a motion to amend submitted after AEDPA's one year statute of limitations has expired.  It provides that an amendment "relates back" to the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[30] The Supreme Court has concluded that "[a]n amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."[31]  "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."[32]

Petitioner Henderson raised his ineffective assistance of counsel claim for the first time in his reply brief, filed more than a year after his conviction was final.  The claim is significantly different than his claims in his original habeas petition for constitutional violations related to his sentencing and *Brady* violations.  As such, the ineffective assistance of counsel claim does not relate back to his initial section 2255 motion.

Further, none of the other time periods for filing such a motion apply in this case.  There was no governmental action preventing Henderson from making his claim.[33]  Henderson does not, and cannot, assert any newly recognized right by the Supreme Court and made retroactively applicable

---

[29] Doc. 489.
[30] Fed. R. Civ. P. 15(c)(1)(B).
[31] *Mayle v. Felix*, 545 U.S. 644, 650 (2005).
[32] *Id.* at 662.
[33] 28 U.S.C. § 2255(f)(2).

-5-

Case No. 1:07-cr-068
Gwin, J.

to cases on collateral review.[34] Finally, Henderson has not shown any new facts entitling him to a new one-year period.[35] Petitioner admits that he became aware of the government's plea offer when he spoke to his trial counsel in December 2013, two months before he filed his initial section 2255 petition. Thus Petitioner could have presented this argument in his initial petition and his failure to do so renders the claim time-barred.

### III.  Section 2255 Motion to Vacate

**A. Legal Standard**

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges to be in violation of federal law.[36] Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[37]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[38]

---

[34] 28 U.S.C. § 2255(f)(3).
[35] 28 U.S.C. § 2255(f)(4).
[36] *See In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).
[37] 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962).
[38] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

Case No. 1:07-cr-068
Gwin, J.

**B. Analysis**

### 1. Unconstitutionality of Sentence

Henderson claims three grounds for relief based on various constitutional violations related to his sentencing. First, Henderson claims this court violated his constitutional right to due process when it "subjected Henderson to the statutory minimum mandatory penalty prescribed under [18 U.S.C. § 841](b)(1)(A), and made a subsequent finding that the offense involved 5600 grams of PCP," even though the "[j]ury necessarily relieved Henderson of any potential penalty liability for the subsequent offense . . . ."[39]

Next, Henderson claims the Court "violated Henderson's right to a jury trial when it treated Henderson's acquittal of count two as a sentencing factor and found him liable of the acquitted offense . . . ." Here, Henderson contends that the special verdict form finding Henderson conspired to possess over one kilogram of PCP,[40] was "an inadequate legal theory[,] in that proof of a controlled substance, or its quantity or variations, were not essential elements of [18 U.S.C. § 841(a)(1)]."[41]

Finally, Henderson claims that the Court imposed an improper sentence in considering "the count for which Henderson had been acquitted of, as if he had been convicted of a separate count of the offense for which he conspired to commit, thus finding . . . [the offense] involved 5600 grams of

---

[39] Doc. 489 at 4.
[40] Doc. 158 at 2.
[41] Doc. 489 at 5.

Case No. 1:07-cr-068
Gwin, J.

PCP."[42]

    Because Henderson's first three grounds involve substantially the same matters of fact and law, this Court addresses them together.

    Henderson misunderstands the sentence he received and the factors supporting that sentence. During sentencing, the Court did not consider Count 2.[43] Rather, the Court only found Henderson guilty of Count 1, conspiracy to possess a controlled substance with intent to distribute, and Count 5, a felon in possession of ammunition.[44]

    As a result of his conviction for the drug distribution conspiracy, Henderson was "subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."[45] Here, the object of the conspiracy was possession with the intent to distribute.[46] In other words, because Henderson was convicted of conspiring to possess with intent to distribute, he is subject to the same penalties as one who actually is convicted of possession with intent to distribute. That the jury found Henderson not guilty of Count 2 has no effect on the sentencing factors for Count 1. "[T]wo crimes are not to be treated as the same offense where each crime requires proof of an additional element that the other does not require."[47] Because Henderson was subject to the same penalties as one convicted of possession with the intent to distribute, the

---

[42] *Id.* at 7.
[43] Doc. 449.
[44] *Id.*
[45] 21 U.S.C. §846.
[46] In fact, the superceding indictment charged Henderson with conspiring "to distribute and possess with intent to distribute *one (1) kilogram or more* of a mixture or substance containing a detectable amount of phencyclidine (PCP), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)." Doc. 59 (emphasis added).
[47] *Blockburger v United States*, 284 U.S. 299, 304 (1932).

Case No. 1:07-cr-068
Gwin, J.

amount of PCP needed to be determined.

Under the United States Supreme Court's line of decisions in *Alleyne* and *Apprendi*, the jury must find, beyond a reasonable doubt, any fact that would act to increase the statutory sentence.[48] "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."[49] Here, the Court submitted a special verdict form to the jury.[50] The jury found Henderson conspired to possess with the intent to distribute over one kilogram of PCP.[51] This factual finding established the minimum and maximum sentences Henderson faced.

Then, during sentencing, the Court found that Henderson had conspired to possess 5.6 kilograms of PCP, a finding consistent with the jury's verdict.[52] The fact that the Court found Henderson conspired to possess 5.6 kilograms did not raise the mandatory minimum or maximum sentencing range. The Court's finding just affected Henderson's non-binding recommended guideline sentencing range.

The minimum sentence for at least one kilogram of PCP is ten years, and the maximum is a life sentence.[53] The Court, relying on the recommended sentencing guideline range, sentenced Henderson to 270 months of incarceration on the conspiracy charge. This sentence is well within the prescribed statutory minimum and maximum.

---

[48] *Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").
[49] *Alleyne*, 133 S. Ct. 2155.
[50] Doc 158 at 2.
[51] *Id*.
[52] Doc. 449.
[53] 21 U.S.C. § 841(b)(1)(A)(iv).

Case No. 1:07-cr-068
Gwin, J.

Because the jury's finding of the amount of PCP involved set the minimum and maximum sentences, and the Court's finding set the non-binding recommended sentencing guideline range, Henderson's sentencing claim fails.

### 2. *Brady* Claim

Henderson's fourth and final claim is that the government failed to disclose potentially favorable evidence during discovery in violation of *Brady v. Maryland*.[54] Specifically, Henderson argues that "[t]he government denied defense counsel unfettered access to [Agent Lucas'] personnel records thus allowing Lucas's [sic] version of Henderson's supposed admissions come before the jury essentially unchallenged . . . ."[55]

Henderson raised this argument before, both before this Court and on appeal to the Sixth Circuit Court of Appeals.[56] Henderson does not state a new claim but rather offers the same argument that failed on appeal. A habeas petitioner may not relitigate an argument raised unsuccessfully on direct appeal, absent some highly exceptional circumstances.[57] Because such circumstances are not present here, this Court denies relief.

### IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 and **DENIES** Defendant's motion to amend. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

---

[54] 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").
[55] Doc. 158 at 8.
[56] *See* Doc. 454 at 27-29.
[57] *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

Case No. 1:07-cr-068
Gwin, J.

good faith, and that there is no basis upon which to issue a certificate of appealability.[58]

    IT IS SO ORDERED.


Dated: August 7, 2014            s/       *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[58] *See* 28 U.S.C. § 2253(c).