UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

UNITED STATES OF AMERICA,

  Plaintiff,

vs.

CARL HENDERSON,

  Defendant.

:
:
:
:
:
:
:
:
:
:
:

CASE NO. 1:07-cr-00068

OPINION & ORDER
[Resolving Doc. 515]

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Carl Henderson requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1]  The Government opposes Henderson's petition.[2]

For the reasons stated below, the Court **GRANTS** Henderson's motion for compassionate release.

I. Background

On May 3, 2007, a jury convicted Defendant Henderson of one count of conspiracy to distribute PCP and one count of being a felon in possession of ammunition.[3]  On July 18, 2007, this Court sentenced Henderson to 270-months imprisonment for the conspiracy charge and 120-months imprisonment for the felon-in-possession charge, to be served concurrently.[4]  The Court also ordered Defendant to respectively complete eight and three years of supervised release on each count, also to be served concurrently.[5]  On May 6,

---

[1] Henderson filed his motion pro se.  Doc. 515.  Counsel filed a reply to the Government's opposition.  Doc. 518.
[2] Doc. 517.
[3] Doc. 158.
[4] Doc. 188.
[5] *Id.*

Case No. 1:07-cr-00068
Gwin, J.

2015, the Court reduced the sentence for the conspiracy count to 210-months imprisonment.[6]

On May 21, 2020, Henderson filed the instant motion for compassionate release.[7]

For the following reasons, the Court **GRANTS** Henderson's motion for compassionate release.

## II. Discussion

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[8] Here, the Government acknowledges that Henderson requested compassionate release from the Warden on April 27, 2020 and that the Warden denied the request on May 13, 2020.[9] Because more than 30 days have passed since Henderson's request, he meets the statutory exhaustion requirement.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[10] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[11] Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the

---

[6] Doc. 512.
[7] Doc. 515.
[8] 18 U.S.C. § 3582(c)(1)(A)(i).
[9] Doc. 517 at 1.
[10] 18 U.S.C. § 3582(c)(1)(A).
[11] *Id.*

Case No. 1:07-cr-00068
Gwin, J.

unserved portion of the original term of imprisonment."[12]

Henderson argues that he suffers from a medical condition that put him at higher risk of serious medical consequences, including death, if he contracts COVID-19.[13] Specifically, he states that he has hypertension.[14] The Government confirmed in its opposition that Henderson's BOP medical records show that Henderson has hypertension.[15]

Henderson's condition, in conjunction with the presence of COVID-19 at FCI Lompoc Low, one of the institutions hardest hit by COVID-19,[16] are extraordinary and compelling reasons that justify the grant of compassionate release.[17] Because Henderson is at a greater risk for medical complications if he contracts the virus, Henderson's health and life are in grave danger if he continues to serve his sentence at FCI Lompoc Low. Moreover, granting compassionate release here accords with 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Henderson's request for

---

[12] *Id.*
[13] Docs. 515 and 518.
[14] *Id.*
[15] Doc. 517 at 3.
[16] *United States v. Robinson*, No. 18-cr-00597-RS-1, 2020 WL 1982872, at *1 (N.D. Cal. Apr. 27, 2020).
[17] Henderson's compassionate release motion implicates the "other reasons" category of the Sentencing Commission's policy statement. USSG § 1B1.13 cmt. n.1. The "other reasons" category says that a sentence reduction may be appropriate if "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the first three categories exists. USSG § 1B1.13 cmt. n.1. However, the policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2019) (quoting USSG § 1B1.13 cmt. n.1). Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases).

Case No. 1:07-cr-00068
Gwin, J.

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Court orders that Henderson shall serve his remaining months of imprisonment on supervised release, with credit for time served.  The conditions of that supervised release include those originally imposed at Henderson's sentencing, with the additional requirement of home incarceration with electronic monitoring.  After Henderson's period of supervised release with home confinement expires it is to be followed by the period of supervised release imposed at Henderson's sentencing, under the supervised release terms of his original sentence.

      The Court orders the Bureau of Prisons to take measures, including a 14-day pre-transfer quarantine, to ensure the Henderson is COVID-19-free prior to his release.

IT IS SO ORDERED.
Dated:  July 31, 2020                            *s/       James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE