IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:07-cr-00068 |
| Plaintiff, | |
| v. | OPINION & ORDER [Resolving Doc. 535] |
| CARL HENDERSON, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

This matter is before the Court on Defendant Carl Henderson's "Motion to Reopen Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)." For the reasons set forth below, the Court concludes that Henderson's motion is, in substance, a second or successive motion to vacate under 28 U.S.C. § 2255. Because Henderson has not obtained authorization from the United States Court of Appeals for the Sixth Circuit to file a successive § 2255 motion, this Court lacks jurisdiction to consider the motion.

The motion is therefore TRANSFERRED to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

I. BACKGROUND

Following a jury trial in May 2007, Defendant Carl Henderson was convicted of conspiracy to possess with intent to distribute PCP, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). The jury acquitted Henderson on a separate substantive count charging possession with intent to distribute PCP. The Court sentenced Henderson to

Case No. 1:07-cr-068
GWIN, J.

a total term of 270 months' imprisonment, followed by supervised release.

Henderson pursued a direct appeal and a separate appeal from the denial of a motion for new trial. The Sixth Circuit affirmed the convictions and sentence, and the Supreme Court denied certiorari.

In 2013, Henderson filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. In that motion, Henderson raised claims challenging, among other things, the drug quantities attributed to him, the special verdict form, and the relationship between the jury's acquittal on one count and the Court's sentencing findings. He also asserted a *Brady* claim and sought leave to amend to add a claim alleging ineffective assistance of counsel relating to a plea offer.

In August 2014, this Court denied Henderson's § 2255 motion in a detailed opinion, rejected his request to amend as untimely, and denied a certificate of appealability. The Sixth Circuit likewise denied a certificate of appealability.

Henderson now files the present motion styled as a Rule 60(b)(6) motion to reopen the judgment denying his § 2255 motion. In substance, Henderson again challenges the drug-quantity findings, the special verdict form, and the effect of his acquittal on one count. These are the same core arguments raised and rejected in his prior § 2255 proceedings.

II. LEGAL STANDARD

Federal prisoners are generally limited to one motion under § 2255. A second or successive § 2255 motion may not be filed in the district court unless the court of appeals first certifies that the motion contains either (1) newly discovered evidence establishing innocence by clear and convincing evidence, or (2) a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h).

Case No. 1:07-cr-068
GWIN, J.

A motion brought under Federal Rule of Civil Procedure 60(b) must be carefully scrutinized in the habeas context. As the Supreme Court explained in *Gonzalez v. Crosby*, a Rule 60(b) motion should be treated as a successive habeas petition if it attacks the federal court's previous resolution of a claim on the merits, rather than identifying a defect in the integrity of the prior habeas proceedings.[1]

The Sixth Circuit has consistently applied this principle in § 2255 cases. A post-judgment motion that seeks to relitigate claims previously raised, or to present new substantive grounds for relief from the conviction or sentence, constitutes a second or successive § 2255 motion, regardless of how it is labeled.[2]

When a prisoner files a successive § 2255 motion in the district court without prior authorization from the court of appeals, the district court lacks jurisdiction to consider it and must transfer the filing to the court of appeals pursuant to 28 U.S.C. § 1631.[3]

III. ANALYSIS

Although Henderson invokes Rule 60(b)(6), the substance of his motion controls. Henderson does not identify a procedural defect in the prior § 2255 proceedings, such as fraud on the court, denial of notice, or an inability to present his claims. Instead, he challenges the correctness of this Court's prior merits rulings.

Specifically, Henderson again argues that the jury's acquittal on one count is inconsistent with the Court's drug-quantity findings at sentencing and with the special verdict form. These arguments were squarely presented in Henderson's original § 2255 motion and were addressed and rejected by this Court. Repackaging those same arguments

---

[1] 545 U.S. 524, 532 (2005).
[2] *See In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007); *Clark v. United States*, 764 F.3d 653, 658–59 (6th Cir. 2014).
[3] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

- 3 -

Case No. 1:07-cr-068
GWIN, J.

as a Rule 60(b) motion does not alter their substantive character.

Because Henderson's motion attacks the prior judgment on the merits and seeks relief from his conviction and sentence, it is a second or successive § 2255 motion within the meaning of § 2255(h) and *Gonzalez*. Henderson has not obtained authorization from the Sixth Circuit to file such a motion.

Accordingly, this Court lacks jurisdiction to consider the motion. The appropriate course is to transfer the motion to the Sixth Circuit so that court may determine whether Henderson may proceed.

IV. CONCLUSION

For the foregoing reasons, the Court FINDS that Defendant Carl Henderson's Motion to Reopen Judgment under Rule 60(b)(6) is a second or successive motion under 28 U.S.C. § 2255. Because Henderson has not obtained prior authorization from the United States Court of Appeals for the Sixth Circuit, this Court lacks jurisdiction to consider the motion.

Pursuant to 28 U.S.C. § 1631 and *In re Sims*, the Clerk is DIRECTED to TRANSFER Henderson's motion to the United States Court of Appeals for the Sixth Circuit for further proceedings.

IT IS SO ORDERED.

Dated: December 23, 2025              *s/     James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE

- 4 -